# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) Case No. CR-23-39-F |
| | ) |
| KRISTY KAY LEBOEUF, | ) |
| | ) |
| Defendant. | ) |

## ORDER

The court is in receipt from defendant of a "Petition for Reconsideration of FSA Eligibility." Doc. no. 74. Defendant requests the "waiver of the [First Step Act (FSA)] credits eligibility denial tied to my sentence[.]" Upon review, the court finds a response from the government is not necessary. The court concludes the petition should be dismissed without prejudice for lack of jurisdiction.

Under the FSA, qualified federal inmates who complete "evidence-based recidivism reduction programming or productive activities" are eligible to earn "time credits" that will be applied towards time in prerelease custody or supervised release. 18 U.S.C. § 3632(d)(4). However, inmates serving sentences for certain crimes are ineligible to earn time credits. 18 U.S.C. § 3632(d)(4)(D). It appears from defendant's documentation, the Bureau of Prisons has determined that she is ineligible for time credits under the FSA due to her offense. Doc. no. 74-1, ECF p. 4.

To the extent defendant is challenging the execution of her sentence, the court concludes that defendant must file a petition for habeas corpus under 28 U.S.C.

§ 2241 rather than a post-judgment motion in her criminal case.  *See*, Warren v. United States, 707 Fed. Appx. 509, 511 n. 4 (10th Cir. 2017) ("If . . . a prisoner seeks to challenge certain 'matters that occur at prison, such as deprivation of good-time credits and other prison disciplinary matters . . . affecting the fact or duration of the [prisoner's] custody,' that claim must be raised in a § 2241 application[.]") (quoting McIntosh v. U.S. Parole Com'n, 115 F.3d 809, 811-12 (10th Cir. 1997) (unpublished Tenth Circuit decision cited as persuasive pursuant to 10th Cir. R. 32.1(A)).

A § 2241 petition must be filed in the judicial district where the defendant is confined, *see*, Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996), and should name as respondent the warden of defendant's facility.  *See*, Rumsfeld v. Padilla, 542 U.S. 426, 447 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement.").[1]  Defendant is not confined in this judicial district.  She is confined in the Northern District of Alabama.

To the extent that defendant is challenging the conditions of her confinement because she is not receiving educational opportunities due to her FSA ineligibility status, the court concludes that defendant must file such challenge through a civil rights action rather than a post-judgment motion in her criminal case.  *See*, Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012) ("It is well-settled that prisoners who wish to challenge only the conditions of their confinement . . . must do so through civil rights lawsuits[.]") (quotation marks and citation omitted).

---

[1] The court additionally notes that before filing a § 2241 petition, federal prisoners must exhaust their administrative remedies.  Garza v. Davis, 596 F.3d 1198, 1203 (10th Cir. 2010).  A narrow exception to the exhaustion requirement applies if a prisoner can demonstrate that exhaustion is futile.  *Id*.

Accordingly, based on the foregoing, defendant's Petition for Reconsideration of FSA Eligibility (doc. no. 74) is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

DATED this 20th day of December, 2024.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

23-0039p013.docx